UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

| | | |
|---|---|---|
| VICTOR J. RUNNER, | : | |
| | | 04 Civ. 2220 (TPG) |
| Plaintiff, | : | ECF Case |
| | | |
| -against- | : | **COMPLAINT** |
| | | |
| NEW YORK STOCK EXCHANGE, INC. | : | |
| and AMEC CONSTRUCTION MANAGEMENT, | | Plaintiff Demands A |
| INC., | : | Trial By Jury |
| | | |
| Defendants. | : | |

----------------------------------------------------------------x

Plaintiff Victor J. Runner, by his attorneys Law Office of Joseph T. Mullen, Jr. & Associates, as and for his Complaint against Defendants, alleges as follows:

### The Parties

1. Plaintiff Victor J. Runner, (APlaintiff@) is a natural person who resides at 298 Millstone Road, Perrineville, New Jersey 08535.

2. Defendant New York Stock Exchange, Inc. (ANYSE@) is a Not-For-Profit Corporation organized and existing pursuant to the Laws of the State of New York with a principal place of business at 11 Wall Street, City, County and State of New York.

3. Defendant AMEC Construction Management, Inc. (AAMEC@) is a corporation organized and existing pursuant to the Laws of the State of Delaware with a principal place of business at 1633 Broadway (24th Floor), City, County and State of New York.

### Jurisdiction and Venue

4. This Court has jurisdiction over this action, pursuant to 28 U.S.C. ' 1332(a)(1), because the Plaintiff and Defendants are citizens of different States and the amount in controversy exceeds

the sum of $75,000.00.

5.  This Court has Supplemental Jurisdiction, pursuant to 28 U.S.C. ' 1367(a), over claims in this action with respect to violations of the Labor Law of the State of New York.

6.  Venue is proper in the Southern District of New York, pursuant to 28 U.S.C. ' ' 1391(a)(1) and (a)(2) because it is the judicial district in which Defendants NYSE and AMEC have their principal places of business and it is the judicial district in which the events or omissions giving rise to Plaintiff=s claim occurred.

## The Facts

7.  NYSE is the owner of premises known as and located at 11 Wall Street, New York, New York (A11 Wall@) and was the owner of 11 Wall on February 19, 2004.

8.  Upon information and belief, 11 Wall is bounded on the northeast by Wall Street, on the southeast by Broad Street, on the northwest by New Street and on the southwest by property owned by someone other than NYSE.

9.  Upon information and belief, 11 Wall, the building, may be known by other addresses, including 9 Wall Street and other numbers on Wall, Broad and New Streets.

10.  Upon information and belief, prior to February 19, 2004, NYSE entered into a contract with AMEC whereby AMEC would act as General Contractor for certain construction to be performed at 11 Wall with respect to a primary electrical power source.

11.  Upon information and belief, AMEC thereafter entered into a contract with Albin Gustafson Electrical Contractors (AAlbin@) whereby Albin would act as a Subcontractor for certain construction to be performed at 11 Wall with respect to a primary electrical power source.

12.  Plaintiff is an electrician who was employed by Albin on and before February 19, 2004.

13. In the course of his employment with Albin, Plaintiff was assigned to work on certain construction at 11 Wall with respect to a primary electrical power source.

14. Plaintiff was working at 11 Wall on February 19, 2004.

15. During the course of that work, a large reel of electrical cable, weighing hundreds of pounds, was required to be moved from one part of 11 Wall to the site of the work being performed.

16. The simplest, safest and most direct route was to roll the reel of cable over the floor of the Stock Exchange.

17. Upon information and belief, NYSE would not allow the reel of cable to be rolled over the floor of the Stock Exchange because the floor had recently been refinished.

18. As a result, Plaintiff, and other workers who were assisting in moving the reel of cable, were, upon information and belief, directed and instructed to roll the reel of cable down a flight of stairs to the work site.

19. An accident occurred while the reel of cable was being rolled down the flight of stairs and Plaintiff suffered critical injuries including, but not limited to, amputation of a portion of the index long and ring fingers of his right hand and the index finger of his left hand and fractures of his right thumb and the long and ring fingers of his left hand.

## AS AND FOR A FIRST CAUSE OF ACTION

20. Plaintiff repeats and realleges Paragraphs A1" through A19" as if fully set forth.

21. NYSE owned, operated, controlled, managed, supervised and maintained 11 Wall on February 19, 2004.

22. NYSE directed, controlled, managed and supervised the construction at 11 Wall of a primary electrical power source on February 19, 2004.

23. NYSE directed, controlled, managed and supervised AMEC, as General Contractor, with respect to the construction of a primary electrical power source at 11 Wall on February 19, 2004.

24. AMEC, as General Contractor, controlled, directed, managed and supervised the construction of a primary electrical power source at 11 Wall on February 19, 2004.

25. AMEC, as General Contractor, directed, controlled, managed and supervised Albin and Plaintiff with respect to the construction of a primary electrical power source at 11 Wall on February 19, 2004.

26. NYSE and AMEC owed a duty to Plaintiff to provide Plaintiff with a safe place in, and safe means by, which to work.

27. By refusing to allow the reel of cable to be rolled across the Stock Exchange Floor and directing and instructing that it be rolled down the stairs instead, NYSE and AMEC breached the duty they owed to Plaintiff.

28. By failing to provide sufficient safety measures and/or equipment prior to directing and instructing that the reel of cable be rolled down the stairs, NYSE and AMEC breached the duty they owed to Plaintiff.

29. NYSE and AMEC knew, or should have known, that it was extremely dangerous and unsafe to allow a reel of cable, weighing many hundreds of pounds, to be rolled down a flight of stairs.

30. NYSE and AMEC were reckless and negligent in directing and instructing that the reel of cable be rolled down a flight of stairs and permitting same to be done without regard to the dangers and hazards involved.

31. As a result of the conduct of NYSE and AMEC as aforesaid, Plaintiff sustained critical

personal injuries on February 19, 2004.

32. Plaintiff was not negligent or otherwise culpable with respect to the accident.

33. By reason of the foregoing, Plaintiff has been damaged, in an amount to be determined upon the trial of this action, but at least Ten Million Dollars ($10,000,000.00).

## AS AND FOR A SECOND CAUSE OF ACTION

34. Plaintiff repeats and realleges Paragraphs A1" through A33" as if fully set forth.

35. NYSE and AMEC, their agents, servants, employees and/or contractors failed to provide Plaintiff, at 11 Wall on February 19, 2004, with reasonable and adequate protection to his life, health and safety.

36. NYSE and AMEC, their agents, servants, employees and/or contractors supervised and controlled the area in which Plaintiff was working and the work Plaintiff was performing at 11 Wall on February 19, 2004.

37. NYSE and AMEC, their agents, servants, employees and/or contractors failed to provide proper safety equipment or take proper safety measures with respect to the work Plaintiff was performing at 11 Wall on February 19, 2004.

38. NYSE and AMEC, their agents, servants, employees and/or contractors caused the danger and unsafe condition by directing, instructing and compelling that the reel of cable, weighing many hundreds of pounds, be rolled down a staircase by Plaintiff (and others) at 11 Wall on February 19, 2004.

39. NYSE and AMEC, their agents, servants, employees and/or contractors knew, or should have known, that it was extremely dangerous and unsafe to allow a reel of cable, weighing many hundreds of pounds, to be rolled down a flight of stairs.

40. NYSE and AMEC, their agents, servants, employees and/or contractors failed to provide Plaintiff with a safe place to work and safe means by which to do the work in violation of Section 200 of the Labor Law of the State of New York.

41. By reason of the foregoing, Plaintiff has been damaged, in an amount to be determined upon the trial of this action, but at least Ten Million Dollars ($10,000,000.00).

### AS AND FOR A THIRD CAUSE OF ACTION

42. Plaintiff repeats and realleges Paragraphs A1" through A41" as if fully set forth.

43. On February 19, 2004 at 11 Wall, NYSE and AMEC, their agents, servants, employees and/or contractors were engaged in the performance and/or in the furtherance of construction/ renovations at 11 Wall.

44. NYSE and AMEC, the agents, servants, employees and/or contractors failed to provide Plaintiff with any and/or inadequate safety devices by which to move the reel of cable, weighing many hundreds of pounds, and thereby prevent a gravity-related accident, in violation of Section 240 of the Labor law of the State of New York.

45. By reason of the foregoing, Plaintiff has been damaged, in an amount to be determined upon the trial of this action, but at least Ten Million Dollars ($10,000,000.00).

### AS AND FOR A FOURTH CAUSE OF ACTION

46. Plaintiff repeats and realleges Paragraphs A1" through A45" as if fully set forth.

47. On February 19, 2004 at 11 Wall, NYSE and AMEC, their agents, servants, employees and/or contractors failed to provide reasonable and adequate protection to Plaintiff, who was lawfully performing construction work at 11 Wall, upon directing, instructing and compelling Plaintiff (and others) to roll a reel of cable, weighing many hundreds of pounds down a flight of

stairs.

48. The failure by NYSE and AMEC to provide reasonable and adequate safety and protection to Plaintiff in the course of his employment at a construction site constitutes a violation of Section 241(6) of the Labor Law of the State of New York by NYSE and AMEC.

49. By reason of the foregoing, Plaintiff has been damaged, in an amount to be determined upon the trial of this action, but at least Ten Million Dollars ($10,000,000.00).

**WHEREFORE**, Plaintiff Victor J. Runner demands a judgement awarding him:

a) on his First Cause of Action, damages, in an amount to be determined upon the trial of this action, but at least Ten Million Dollars ($10,000,000.00);

b) on his Second Cause of Action, damages, in an amount to be determined upon the trial of this action, but at least Ten Million Dollars ($10,000,000.00);

c) on his Third Cause of Action, damages, in an amount to be determined upon the trial of this action, but at least Ten Million Dollars ($10,000,000.00);

d) on his Fourth Cause of Action, damages, in an amount to be determined upon the trial of this action, but at least Ten Million Dollars ($10,000,000.00);

e) the costs and disbursements of this action; and

f) such other and further relief as this Court deems to be just and proper.

Dated: New York, New York
       March 19, 2004

                Law Office of Joseph T. Mullen Jr. & Associates

                By: s/Joseph T. Mullen, Jr._____
                Joseph T. Mullen, Jr. (JTM 2051)
                Attorneys for Plaintiff
                30 Vesey Street - 15th Floor
                New York, New York 10007
                (212) 766-1177

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

| | | |
|---|---|---|
| VICTOR J. RUNNER, | : | |
| | | 04 Civ. 2220 (TPG) |
| Plaintiff, | : | |
| -against- | : | |
| NEW YORK STOCK EXCHANGE, INC. | : | |
| and AMEC CONSTRUCTION MANAGEMENT, INC., | : | |
| Defendants. | : | |

-----------------------------------------------------------------x

**SUMMONS AND COMPLAINT**

Law Office of Joseph T. Mullen, Jr. & Associates
Attorney for Plaintiff Victor C. Runner
30 Vesey Street - 15th Floor
New York, New York 10007
(212) 766-1177