UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
VICTOR J. RUNNER,                                                   04 Civ.2220 (TPG)

                *Plaintiff,*                      ECF CASE

   -*against*-
                                                          **PLAINTIFF'S MOTION IN
                                                          LIMINE AND MOTION FOR
                                                          SANCTIONS**

NEW YORK STOCK EXCHANGE, INC., and
AMEC CONSTRUCTION MANAGEMENT, INC.,

                *Defendants.*
-----------------------------------------------------------------x
NEW YORK STOCK EXCHANGE, INC.,

                *Third-Party Plaintiff,*

ALBIN GUSTAFSON CO., INC.,

                *Third-Party Defendant.*
-----------------------------------------------------------------x

      This memorandum is submitted in support of plaintiff's motion which seeks to preclude the defendant from discussing specific elements of the subject accident, and specifically any alleged comparative negligence or fault of the plaintiff at the upcoming trial. This memorandum is also submitted in support of plaintiff's motion which seeks sanctions for the defendant's willful failure to reimburse plaintiff for costs associated with their recalcitrant adjournment of the previously scheduled trial in September 17, 2007. It is respectfully submitted that based on the below, both motions be granted in it's entirety.

      A.  <u>COMPARTIVE FAULT SHOULD NOT BE DISCUSSED IN VIEW OF THE JURY AS THE CURRENT TRIAL PERTAINS TO DAMAGES ONLY.</u>

      As your honor is well aware, the upcoming trial is to address the legal responsibility of the defendants who are liable to plaintiff under § 240(1) of the New York State Labor Law. The sole goal of the trial is to award damages as fault has already been decided pursuant to § 240(1), an absolute liability statute. As such, any alleged issues pertaining to plaintiff's comparative fault should not be discussed by defense counsel. Any attempt to "back door" into evidence

before a jury of fault will be immensely prejudicial to plaintiff and highly inappropriate. Any statement to such an effect would be immediate grounds for a possible mistrial and would only serve to further delay this matter for the plaintiff.

It is respectfully requested that a strong warning be issued by your honor to defense counsel of repercussions if issues of fault are discussed. I gather there will be no problems after the same.

## B. SANCTIONS ARE NECESSARY BECAUSE OF MONEY EXPENDED BY PLAINTIFF WHICH WAS LOST AS A RESULT OF DEFENSE COUNSEL FLAGRANT DISREGARD FOR COURT DIRECTIVES.

On April 11, 2007, all parties appeared before your honor where the court set a final trial date of September 17, 2007. At no time did defense counsel mention any potential conflicts with other trials. On August 15, 2007, over four months after this conference, defense counsel wrote to this court seeking an adjournment of the trial allegedly due to problems with the scheduling of their witnesses, not a potential conflict with other trials. As a result, your honor had all parties appear on August 27, 2007. Defendants failed to produce any evidence that the trial could not be held as scheduled so the court directed all parties to appear for the trial on September 17, 2007 as discussed. Roughly a week before the trial, the court informed me that a trial judge from the Bronx Supreme Court informed the court that defense counsel was desperately needed on a trial in his part and requested an adjournment of Mr. Runner's trial. At no time prior to this date did defense counsel ever mention that they had a potential conflict with Mr. Runner's trial. Defense counsel even sat before your honor on August 27, 2007 and failed to mention this potential conflict!

The court at this time granted the adjournment of Mr. Runner's trial to November 13, 2007. The court also directed plaintiff to file a motion for sanctions for any costs expended for the last minute required adjournment by defense counsel. I informed the court on the conference call with defense counsel that hopefully a motion for sanctions can be avoided if defense counsel agrees to pay all expenses lost, mainly for testifying fees that were non-refundable. Defense

counsel stated they would be happy to pay our expenses without the need of a motion and thanked the undersigned for our courtesy.

Unfortunately, defense counsel has not shown plaintiff the same courtesies given to them. I provided defense counsel with evidence of our lost expenses as a result of their willful adjournment and failure to advise plaintiff or the court of their potential conflict on September 21, 2007, annexed hereto as **Exhibit #1.** Numerous subsequent phone calls were made to defense counsel to attempt to recoup our lost expenses without the need for motion practice, all of which have been ignored. In fact, I only waited until the current time to file the within motion because of my hope that the expenses could be paid without a motion for sanctions being filed.

Plaintiff paid $5,000 to Dr. O'Hara, which was non-refundable for testimony at the adjourned trial. Plaintiff also paid $3,500 to Dr. Iofin, which was non-refundable for testimony at the adjourned trial. Annexed hereto as **Exhibit #2** is evidence of the same. As such, plaintiff seeks $8,500 with interest from the date of the last trial, in expenses for testimony which was lost as a result of defense counsels prior actions.

Moreover, plaintiff also seeks reasonable attorney's fees as a result of defendants willful and recalcitrant required adjournment of the prior trial. It is inexcusable of defense counsel to sit before this court less than three weeks before a planned trial date and not advise anyone of a potential conflict. It is inexcusable for defense counsel to know of this trial date for over four months and fail to advise plaintiff or this court of any potential conflict. It is inexcusable for defense counsel to disregard the orders of this court.

Plaintiff's counsel had to adjourn other trials, motions and depositions as a result of our belief that the trial would take place as ordered on September 17, 2007. During those six anticipated trial days lost, plaintiff's counsel has wasted time and legal opportunities as a result of such a late adjournment. As such, reasonable legal fees are warranted.

As this court has done on multiple prior occasions, sanctions are appropriate when a party acts in utter disregard for this court, their adversary, and lacks good faith for their actions. *See e.g.* Envirosource v. Horsehead Devel. Comp. Inc., 981 F. Supp. 876.

It is respectfully submitted that plaintiff's motion in limine and for sanctions be granted in it's entirety.

Dated: New York, New York
November 12, 2007

Yours, etc.,

**SACKS AND SACKS, LLP**

_____
**DAVID H. MAYER, ESQ.**
Attorneys for Plaintiff
150 Broadway – 4th Floor
New York, N.Y. 10038
(212) 964-5570

TO:

Lewis Brisbois Bisgaard & Smith
Attorneys for Defendants
199 Water Street
New York, New York 10038